836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Winston LLOYD, Petitioner-Appellant,
v.
STATE OF MARYLAND, Respondent-Appellee.
 No. 87-7199.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Dec. 16, 1987.
 
 Winston Lloyd, appellant pro se.
 Valerie Johnston Smith, Office of the Attorney General of Maryland, for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Winston Lloyd, a Florida inmate challenging a Maryland conviction, seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. In his petition Lloyd contends that he is entitled to relief because of the following alleged errors:
 
 
 2
 (1) His trial counsel was incompetent because he did not subpoena one of the victims of the robbery.
 
 
 3
 (2) He was denied the right to face his accuser, and the State withheld evidence because the victim complained of in allegation (1) was not called as a witness.
 
 
 4
 (3) He was deprived of evidence critical to his defense because the result of a handwriting test he had taken was not introduced into evidence.
 
 
 5
 (4) He was subjected to double jeopardy when he received consecutive sentences for use of a handgun in the commission of a crime of violence and armed robbery.
 
 
 6
 (5) He could not be convicted and sentenced for the handgun charge because the weapon used in the crime was too long to qualify as a handgun under Maryland law.
 
 
 7
 (6) He was subjected to an unlawful pre-trial identification procedure.
 
 
 8
 (7) The State knowingly permitted a witness to commit perjury.
 
 
 9
 In its answer to the petition the State argued that claim (4) had been raised in an earlier federal petition and dismissed on the merits and that, as a result of the earlier dismissal, the claim was successive and should be dismissed under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254, and under Miller v. Bordenkircher, 764 F.2d 245, 249-50 (4th Cir.1985). As to the remaining allegations the State argued that federal review was barred under Wainwright v. Sykes, 433 U.S. 72 (1977) by virtue of Lloyd's procedural default in State court. Lloyd filed a response to the State's answer.
 
 
 10
 The petition was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1) for report and recommendation. The magistrate found that claims (1) and (4) had been raised in an earlier petition and had been found not to entitle Lloyd to habeas relief. The magistrate concluded, therefore, that the court's earlier decision on these claims was res judicata as to claims (1) and (4) of the petition. Regarding the remaining claims, the magistrate found that they had been waived under Maryland law based upon Lloyd's failure to comply with Maryland procedures; therefore, federal review of the claims was barred under Wainwright v. Sykes, supra, absent a showing of cause and prejudice justifying relief from the procedural bar. The magistrate concluded that Lloyd had not made the requisite showing of either cause or prejudice. The magistrate recommended that the petition be denied and dismissed with prejudice.
 
 
 11
 After de novo review of Lloyd's objections to the magistrate's report the district court entered a memorandum and order adopting the magistrate's report and dismissing the petition. The district court found that claims (1) and (4) were barred by the doctrine of res judicata because they were decided on the merits in Lloyd's first federal petition. The court also found that the remaining claims had been waived and that Lloyd had failed to demonstrate cause and prejudice in order to raise the procedure bar.
 
 
 12
 Except for the finding that res judicata applies in this habeas proceeding we agree with the reasoning of the district court. We dismiss the appeal as to claims (2), (3), (5), (6), and (7) on the reasoning of the district court. Lloyd v. State of Maryland, C/A No. 85-4951-B (D.Md. May 7, 1987). We also dismiss the appeal as to claims (1) and (4) but for reasons slightly different from those offered by the district court.
 
 
 13
 It is well settled that the doctrine of res judicata does not apply to requests for habeas corpus relief. Sanders v. United States, 373 U.S. 1, 7-8 (1963). In Sanders, the Supreme Court held that a petition for a writ of habeas corpus may be denied based upon a previous adverse determination only if the following criteria are satisfied: (1) the same ground presented in the subsequent application was determined adversely to the petitioner; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Id. at 15-17. See also Rule 9(b), Rules Governing Section 2254 Cases. The Sanders and the Rule 9(b) criteria have been met in this case in regards to claims (1) and (4). Lloyd raised these claims in a prior petition and relief was denied on the merits. Additionally, Lloyd has not shown that the ends of justice would be served by reaching the merits of these claims again.
 
 
 14
 Accordingly, we deny a certificate of probable cause and dismiss the appeal. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 DISMISSED